UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 2 5 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| HEYWARD CARZELL SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-967 |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff alleges that the District of Columbia has violated the Racketeer Influenced and Corrupt Organization Act ("RICO") by conspiring with others to cause him to "lose all of his real estate properties." Compl. at 3. Plaintiff alleges that some of these properties were sold at tax sale at prices below market value and transferred to new owners without court intervention and in a manner inconsistent with established procedures for tax sales. *See generally id.* at 4-9. According to plaintiff, "[s]omeone in the District Government had to be pushing all their illegal paperwork," *id.* at 9, and he blames the District "for letting all parties enjoy the benefit of doing unethical real estate, which put plaintiff's good properties in a bad way to be lost, which effected his way of life, financially, physically and more." *Id.* at 13. But the gravamen of plaintiff's complaint appears to be that the D.C. government passively allowed others to commit crimes by allowing "illegal paperwork" to be filed concerning real estate transactions.

A plaintiff establishes a RICO violation by showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *W. Assocs. Ltd. P'ship v. Market Square Assocs.*, 235 F.3d 629, 633 (D.C. Cir. 2001) (citing 18 U.S.C. § 1961(1)(B)). A "pattern of racketeering activity requires at least two acts of racketeering activity," 18 U.S.C. § 1961(5), and these predicate acts include a host of offenses punishable under certain state and federal statutes, *see* 18 U.S.C. § 1961(1)(B). These predicate acts must be "related, and . . . pose a threat to continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). RICO has a four-year statute of limitations that commences on the date the plaintiff discovered or should have discovered the injury. *Rotella v. Wood*, 528 U.S. 549, 553 (2000).

The Court finds that the complaint fails to state a RICO claim upon which relief can be granted. Although plaintiff lists several acts which may qualify as predicate acts, *see* Compl. at 2, it is unclear which and whether the District of Columbia is alleged to have violated these provisions. Nor is it clear that there is a pattern of racketeering activity insofar as plaintiff is alleged to be the sole injured party. *See W. Assocs. Ltd. ex rel. Ave. Assocs. Ltd. v. Mkt. Square Assocs.*, 235 F.3d 629, 634 (D.C. Cir. 2001) (plaintiff failed to allege a "pattern of racketeering activity" where plaintiff only alleges "a single scheme, a single injury, and a single victim"); *Zernik v. U.S. Dep't of Justice*, 630 F. Supp. 2d 24, 27 (D.D.C. 2009). Moreover, although plaintiff generally alleges that the D.C. government conspired with a number of other parties, he fails to allege who within the D.C. government engaged in such conspiracy, or allege sufficient facts concerning any meeting of the minds between anyone within the D.C. government and the other alleged co-conspirators. *See Rodriguez v. Editor in Chief, Legal Times*, 285 F. App'x 756, 759 (D.C. Cir. 2008) (per curiam) (affirming dismissal of conspiracy claim where plaintiff's "allegations include no facts suggesting 'unity of purpose' or a 'meeting of the minds' among the

defendants, a necessary element of a conspiracy"). Lastly, because the complaint is silent as to the dates of the alleged predicate acts, it is not clear that the complaint is timely filed within the four-year statute of limitations. For these reasons, the complaint will be dismissed without prejudice.

An Order accompanies this Memorandum Opinion.

/s/ *signature*
United States District Judge

DATE 6/17/2013